Stewart, J.'
In the appeal from the Probate Court *566 to the Court of Appeals, four errors were assigned as follows:
“1. The Probate Court erred in ruling that the evidence produced by appellant did not rebut the presumption created by the two-year provision of Section 5332-2,' General Code.
“2. The Probate Court erred in refusing to consider the provisions of decedent’s former will or the situation which would have prevailed had decedent died intestate and instead based its decision solely upon the fact that decedent made her final will January 25,1950, and made the gift on June 19,1950.
“3. The Probate Court erred in refusing to consider the evidence of relief and freedom from responsibility, loss of money and transportation difficulty as factors which prompted the gift of the farm.
“4. The opinion, finding, order and judgment of the Probate Court overruling appellant’s exceptions and overruling appellant’s motion for new trial are not based upon or supported by either the weight of the evidence or any evidence but in fact are unsupported by and are contrary to the evidence and contrary to law. ’ ’
The Court of Appeals considered only the first of the assigned errors and reversed the judgment and remanded the cause for further proceedings because it found that the Probate Court was in error with respect to the quantum and burden of proof required to rebut the presumption created by the two-year provision of Section 5332-2, General Code (Section 5731.04, Revised Code). Therefore, the only issue before this court is whether under such section the burden of proof, as to whether the transfer of decedent’s farm to Walker was a gift made in contemplation of death, is upon appellant, the Department of Taxation, with the benefit only of a rebuttable pre *567 sumption, or whether the foregoing section places upon the exceptor the burden of proof to show that the transfer of the farm was not a gift made in contemplation of death.
Section 5332, General Code (Section 5731.02, Revised Code), provides in part:
“A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following eases:
( 6 * * *
“3. When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money’s worth to the full value of such property:
“(a) In contemplation of the death of the grantor, vendor, assignor, or donor * *
Section 5332-2, General Code, provides:
“Any transfer of property from a resident or of property within this state from a nonresident, if shown to have been made without a valuable consideration substantially equivalent in money or money’s worth to the full value of such property, if so made within two years prior to the death of the transferor, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title. * * *”
It is the contention of the department that under this section where a transfer of property has been made by a decedent within two years of his death, the burden of proof is upon the transferee to show that the transfer was not made in contemplation of death, whereas it is the contention of Walker that the statute raises only a presumption that the transfer was made in contemplation of death and that presumption may be dis *568 pelled by evidence which simply equals or counterbalances the weight of the presumption itself.
The Probate Court took the former view and the Court of Appeals the latter.
It is fundamental law, which has been reiterated consistently in the decisions of this court, that the burden generally is upon the taxing authority to show that any particular property or transfer comes within a tax statute.
In the present case, therefore, the burden is upon the department to show that the transfer of the farm from decedent to Walker was made within two years of decedent’s death and without a sufficient consideration. It would also be the burden of the department to show that the transfer was made in contemplation of death, unless Section 5332-2, General Code, provides for the shifting to Walker of the burden to show the contrary.
It has been consistently held by this court that, ordinarily, in the case of a presumption, the one against whom the presumption arises needs only to produce just enough evidence to counterbalance the presumption. Klunk v. Hocking Valley Ry. Co., 74 Ohio St., 125, 77 N. E., 752.
The Klunk case was a negligence action by an employee of a railroad against his employer. It concerned^ a statute which provided that if an employee of a railroad received an injury by reason of any defect in a car, or locomotive, or machinery or attachments thereto belonging, such railroad should be deemed to have knowledge of such defect before and at the time of the injury, and that when the fact of the defect was made to appear in the trial of an action brought by the employee against the railroad, such fact was prima facie evidence of negligence on the part of the railroad.
This court held that the statute in question created *569 a rebuttable presumption of negligence and cast upon the railroad only tbe burden of producing evidence of equal weight or countervailing force to rebut the presumption and cast no burden upon the railroad to overthrow the presumption by a preponderance of the evidence. See Kennedy, Exr., v. Walcutt, 118 Ohio St., 442, 161 N. E., 336; Brunny, Admx., v. Prudential Ins. Co. of America, 151 Ohio St., 86, 84 N. E. (2d), 504; and Shepherd v. Midland Mutual Life Ins. Co., 152 Ohio St., 6, 87 N. E. (2d), 156.
If, then, the statute involved in the present case read simply that if a transfer is made within two years prior to the death of a transferor and without sufficient consideration it shall be deemed to have been made in contemplation of death, a different question would be presented. It might be argued that such language would raise only a presumption and that the one against whom the presumption was raised would be required to produce only evidence of equal weight or countervailing force in order to rebut such presumption, and that under such circumstances the judgment of the Court of Appeals would be correct. However, the statute provides that such a transfer, unless shown to the contrary, shall be deemed to have been made in contemplation of death. Obviously the one against whom the presumption arises has the burden to show the contrary.
In Bouvier’s Law Dictionary (Rawle’s Third Rev.), the word, “show,” is defined, “to make apparent or clear by evidence; to prove. Coyle v. Commonwealth, 104 Pa., 117, 133.”
Substantially the same definition is given in the Webster, Oxford and Century dictionaries.
If one has the duty of proving a fact, it is obvious that the burden of such proof is upon him and, except in certain classes of cases, that burden is to prove by a preponderance of the evidence.
*570 Since decedent transferred the farm to Walker within two years of her death, without a sufficient consideration, and a presumption thereby arose that the transfer to Walker was made in contemplation of death; since such presumption can not be overcome except as Walker shows to the contrary; and since showing to the contrary means making apparent or clear by evidence, or proving to the contrary; Walker has the burden of overcoming the presumption against him by a preponderance of the evidence.
The judgment of the Court of Appeals is reversed and, since that court did not pass upon three of the claimed errors, we remand the cause to that court for its consideration and determination of such three claimed errors.

Judgment reversed and cause remanded.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman and Lamneck, JJ., concur.